**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------x**
**STACEY BLAND, in her capacity as the Parent and Legal Guardian of "A.C." a minor,**

**Plaintiff,**

**-against-**

**THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER RAMIREZ, Shield No. 1947; NYPD OFFICER DUFFY Shield No. 27097**

**Defendants.**
**-------------------------------------------------------x**

**AMENDED COMPLAINT**

**Index No. 14 Cv. 5398 (AT)**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff STACEY BLAND, in her capacity as the parent and legal guardian of "A.C." by her attorney, ROBERT J. BOYLE as and for her complaint against defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of "A.C."'s civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 USC §§ 1983 and 1988 and the, Fourth,and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. Plaintiff invokes this Court's pendent jurisdiction over related state law claims.

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) in that this is the District in which the claims arose.

## JURY DEMAND

5. Plaintiff demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff STACEY BLAND is the mother and legal guardian of "A.C.". "A.C." is an African-American female, born September 13, 1998, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. At all times relevant herein, defendants were duly sworn police officers of the New York City Police Department ("NYPD") and were acting under the supervision of said department and according to their official duties.

8. At all times relevant herein, Defendant Officer Ramirez, Shield No. 1947, was employed as and acting as an NYPD Officer.

9. At all times relevant herein, Defendant Police Officer Duffy Shield No. 27097 was employed as and acting as an NYPD Officer.

10. At all times relevant herein, defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendants alleged herein were done by said defendants while acting within the scope of and in furtherance of their employment by the defendant City of New York.

12. Defendants were each and all personally involved in depriving "A.C." of her rights and in implementing the unconstitutional policies, practices, customs and/or conduct complained of herein, as set forth more fully below.

13. At all times relevant herein, as set forth more fully below, defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

14. Each individual defendant is sued in her or his individual and official capacities.

**FACTS**

15. On July 18, 2013, "A.C.", then fourteen years old was walking home to her apartment in the Grant Projects from the New York City Pool located in Central Park.

16. She was accompanied by a friend.

17. As "A.C." neared the intersection of 123 St. and St. Nicholas Avenue, a police car pulled up.

18. Inside the police car were defendants Ramirez, a female Latino, and Duffy, a male Caucasian. The officers were assigned to the 28 precinct.

19. The defendants ordered "A.C." and her friend to stop. Defendant Duffy grabbed "A.C."'s arm and threw her onto the side of a parked car.

20. Defendant Ramirez grabbed her right shoulder, forcing her to the ground.

21. Once "A.C." was on the ground, defendant Duffy kicked her on the lower back.

22. While still on the ground, defendant Ramirez grabbed "A.C."'s hair, slapped her twice, stating "You like hitting people? You like hitting people?"

23. Defendant Duffy handcuffed "A.C." behind her back.

24. Defendant Ramirez picked "A.C." off the ground by her hair and walked her to the police car.

25. "A.C." was transported to the 28 precinct. She was held in custody until approximately 4:30 A.M. on July 19. Her arrest was assigned #M13663176.

26. The defendants charged "A.C." with assault, alleging that she had participated in an earlier incident on Lenox Ave. and 119 St.

27. That charge was false and the defendants knew that those charges were false.

28. Upon release, "A.C." sought medical treatment for pain in her neck and back. She additionally had pain in her wrists caused by the excessively tight handcuffs.

29. The charges were referred to the Family Court due to "A.C."'s age.

30. "A.C." appeared in Manhattan Family Court on several occasions in connection with those charges.

31. On or about October 4, 2013 "A.C." received a letter from the Family Court stating that the Corporation Counsel's Office had determined not to file formal charges and that the matter would be dismissed and sealed.

32. "A.C." has suffered, and continues to suffer physical and emotional pain as a result of the arrest and assault committed against her by the defendants.

33. On or about October 2, 2013, "A.C." filed a Notice of Claim with the Comptroller of the City of New York. It was assigned Claim No. 2013PI025553.

34. More than 90 days have elapsed and that claim has not been settled.

**CAUSES OF ACTION**

**I.**

35. Plaintiff repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

36. The actions of the defendants and each of them in arresting "A.C." without probable cause violated her right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

**II.**

37. Plaintiff repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

38. The actions of the defendants, and each of them, in striking "A.C." during the course of her arrest violated her right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

### III.

39. Plaintiff repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

40. The actions of the defendants and each of them, in causing false charges to be lodged against "A.C." violated her right to be free from malicious prosecution in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

### IV. Pendent State Law Claims

41. Plaintiff repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

42. The actions of the defendants, and each of them constituted the following common law torts under the laws of the State of New York:

a. false arrest;

b. false imprisonment;

c. assault;

d. battery;

e. malicious prosecution;

f. intentional infliction of severe mental and emotional distress;

g. negligent infliction of severe mental and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the defendant jointly and severally as follows:

a. An award of compensatory damages for the physical and emotional pain suffered by the Plaintiff;

b. An award of punitive damages against the defendant police officers individually;

c. A reasonable attorneys' fee and the costs of the within action;

d. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 8, 2014

Yours, etc,

/s/*Robert J. Boyle*
ROBERT J. BOYLE
277 Broadway
Suite 1501
New York, N.Y. 10007
(212) 431-0229
RB-3568

Attorney for Plaintiff